UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **ROSS WILLIAM ROGGIO**, aka | : | Chapter 13 |
| Ross W. Roggio, aka | : | Case No. **5:17-bk-02119** |
| Ross Roggio, | : | |
| Debtor, | : | |
| | | |
| **ROSS WILLIAM ROGGIO,** | : | |
| Plaintiffs, | : | Adversary Proceeding No. |
| v. | : | **5:17-ap-00___** |
| **UNITED STATES OF AMERICA,** | : | |
| **KRISTY LYNN ROGGIO,** aka Kristy Merring, and | : | |
| **BMW FINANCIAL SERVICES NA, LLC,** | : | |
| Defendants, | | |

## COMPLAINT FOR SALE, TURNOVER, VIOLATION OF AUTOMATIC STAY AND INJUNCTIVE RELIEF

AND NOW COMES Plaintiff Debtor **ROSS WILLIAM ROGGIO**, by and through his attorneys, NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., with Complaint for Sale, Violation of Automatic Stay, Turnover and Injunctive Relief against the **UNITED STATES OF AMERICA, KRISTY LYNN ROGGIO,** aka Kristy Merring, and **BMW FINANCIAL SERVICES NA, LLC,** in support thereof avers:

1. Plaintiff Debtor **ROSS WILLIAM ROGGIO** ("Debtor" or "Plaintiff") filed the instant Chapter 13 Bankruptcy Case on May 22, 2017.

2. Plaintiff consents to entry of a final order by the Bankruptcy Court.

3. Defendant **UNITED STATES OF AMERICA** ("USA") is a sovereign nation, with multiple required service addresses, most importantly **Bruce D. Brandler, United States Attorney,** 228 Walnut Street, Suite 220, P.O. Box 11754, Harrisburg, PA 17108-1754.

4. Defendant **KRISTY LYNN ROGGIO,** aka Kristy Merring ("Merring") is Debtor's estranged wife, with an address of 143 Indian Springs Road, Stroudsburg, PA 18360.

5. Defendant **BMW FINANCIAL SERVICES NA, LLC,** is a limited liability company with an address of 5550 Britton Pkwy, Hilliard, OH 43026.

6. On December 12, 2012, Debtor and Merring were married.

7. On November 28, 2016, Debtor and Merring entered into a separation agreement.

8. Prior to the filing of the bankruptcy case, Debtor and Merring were parties to domestic litigation in the Court of Common Pleas of Monroe County, Pennsylvania, docketed at 9149-CV-2016 and 1272-DR-2016.

9. As such, Merring, subject to the separation agreement, has a property interest in all marital property, most particularly the improved real estate known as **143 Indian Springs Road, Stroudsburg, PA 18360** ("the Marital Residence").

10. On May 10, 2017, the **USA** seized from the Marital Residence approximately one hundred two (102) weapons and accessories, including ammunition, four (4) Rolex watches, a 2015 Mercedes GL350, a 2015 BMW i8, and a 2016 McLaren 570S (collectively the "Seized Assets").

11. On May 10, 2017, the **USA** seized from the Wells Fargo Bank account of Roggio Consulting Company, LLC, the amount of $2,657.44.

12. On May 12, 2017, Debtor was notified via correspondence from Assistant United States Attorney Todd K. Hinkley that he was the target of investigation of possible violation of 18 U.S.C. §554 "illegal export", also known as Smuggling goods from the United States.

13. Upon information and belief, the USA has not alleged that Debtor committed a possible violation of 18 U.S.C. §554 prior to January 1, 2015.

14. Upon information and belief, the USA relies on 18 U.S.C. § 981 as the basis for seizure of the Seized Assets.

15. While 18 U.S.C. § 981 provides for forfeiture of the proceeds of a variety of crimes, it does not provide for the forfeiture of "property which constitutes or is derived from proceeds traceable to" a violation of 18 U.S.C. § 554.

16. Further, 18 U.S.C. § 981 subjects to forfeiture *only* "property which constitutes or is derived from proceeds traceable to" an indicated crime.

17. **BMW FINANCIAL SERVICES, NA, LLC,** has a purchase money security interest in the 2016 McLaren 570S.

18. Merring acquired the Marital Residence via Deed dated December 17, 2014, which was subsequently transferred to Debtor pursuant to the Separation Agreement via Deed dated February 28, 2017.

19. Upon information and belief Merring is in possession of multiple items of personal property of Debtor, including five (5) Rolex watches and a portion of the contents of the Marital Residence.

20. Merring is in possession of the Marital Residence.

21. Debtor's 2016 McLaren 570S was acquired via a purchase money loan from **BMW FINANCIAL SERVICES, NA, LLC**, and is therefore not "property which constitutes or is derived from proceeds traceable to" a crime he is alleged to have committed.

22. Debtor's 2015 Mercedes GL350 was acquired via trade in of a 2013 Mercedes GL500 and a 2013 Mercedes SL500, which Debtor purchased prior to January 1, 2014, and is therefore not "property which constitutes or is derived from proceeds traceable to" a crime he is alleged to have committed.

23. The four (4) Rolex watches in possession of the **USA** were purchased with Debtor's mother's credit card, and are therefore not "property which constitutes or is derived from proceeds traceable to" a crime he is alleged to have committed.

24. Of the weapons and accessories, Debtor's 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle and H&K 516, were acquired prior to January 1, 2014, and are therefore not "property which constitutes or is derived from proceeds traceable to" a crime he is alleged to have committed.

25. Of the weapons and accessories in possession of the USA, Debtor's Norinco NDM86 was purchased with a loan from his mother, and is therefore not "property which constitutes or is derived from proceeds traceable to" a crime he is alleged to have committed.

26. Debtor retains a property interest in the Seized Assets pending the USA demonstrating that the Seized Assets are "property which constitutes or is derived from proceeds traceable to" a crime he is alleged to have committed.

27. Debtor had a possessory interest in the Seized Assets.

28. Debtor will suffer substantial hardship if the Seized Assets are not subject to liquidation in his Chapter 13 Bankruptcy Case.

**COUNT I: COMPLAINT FOR SALE OF REAL PROPERTY v. KRISTY LYNN ROGGIO**

29. Plaintiff incorporates the averments of 1 through 28 above as if set out at length.

30. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

31. Count I of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K), (N) and (O).

32. This Court has the authority to authorize Debtor to sell property owned by a debtor and a co-owner pursuant to 11 U.S.C. § 363(h).

33. As the Marital Residence is allocated to Debtor in the Separation Agreement, the benefit to the Estate of a sale of the Marital Residence free of Merring's interest outweighs the detriment to Merring.

4

34. As Debtor intends to pay $225,000 to Merring from the proceeds of the Marital Residence, pursuant to a ruling of the Court of Common Pleas of Monroe County with regard to the Separation Agreement, the benefit to the Estate of a sale of the Property free of Merring's interest outweighs the detriment to Merring.

35. The Marital Residence is not used in the production, transmission or distribution for sale of heat, light or power.

36. In order to affect marketing and sale of the Property, it is necessary to grant Debtor the exclusive right to use of the Property, as without such exclusive right to use of the Property, Defendant would be able to frustrate any and all efforts to affect sale via hostile occupancy of the Property.

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for judgment in his favor and against **KRISTY LYNN ROGGIO,** aka Kristy Merring, granting him authorization to market and sell the real property known as **143 Indian Springs Road, Stroudsburg, PA 18360** free and clear of the interest of **KRISTY LYNN ROGGIO,** aka Kristy Merring, to exclusive use and possession of **143 Indian Springs Road, Stroudsburg, PA 18360** to affect sale, and to distribute to proceeds of **143 Indian Springs Road, Stroudsburg, PA 18360**, after payment of any and all liens and transactions costs, with $225,000 distributed to Defendant, **KRISTY LYNN ROGGIO,** aka Kristy Merring, and the remainder pursuant to the Bankruptcy Code and Order approving a particular sale, judgment for attorneys' fees and costs until such time as **KRISTY LYNN ROGGIO,** aka Kristy Merring, vacates said property, to be paid from Defendant's share of the proceeds of the sale, and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT II: COMPLAINT FOR SALE OF PERSONAL PROPERTY v. UNITED STATES OF AMERICA, KRISTY LYNN ROGGIO & BMW FINANCIAL SERVICES NA, LLC

37. Plaintiff incorporates the averments of 1 through 36 above as if set out at length.

38. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

39. Count II of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K), (N) and (O).

40. This Court has the authority to authorize Debtor to sell property owned by a debtor and a co-owner pursuant to 11 U.S.C. § 363(h).

41. Debtor, Merring and USA have a property interest in the Seized Assets.

42. As Debtor seeks to liquidate the Seized Assets for the benefit of the Estate and distribute the proceeds pursuant to Court Order or to the Trustee, the benefit to the Estate of a sale of the Seized Assets free of Merring's interest outweighs the detriment to Merring.

43. As Debtor seeks to liquidate the Seized Assets for the benefit of the Estate and distribute the proceeds pursuant to Court Order or to the Trustee, the benefit to the Estate of any sale of the Seized Assets free of the interest of the USA outweighs the detriment to the USA. Debtor seeks to liquidate any item *not* appropriately subject to forfeiture free of the interest of the USA.

44. As Debtor seeks to liquidate the Seized Assets for the benefit of the Estate and distribute the proceeds pursuant to Court Order or to the Trustee, the benefit to the Estate of any sale of the Seized Assets *subject to* the interest of the USA outweighs the detriment to the USA. Debtor seeks to liquidate any item appropriately subject to forfeiture *subject* to the interest of the USA, pending resolution of any criminal proceedings.

45. As the Seized Assets is allocated to Debtor in the Separation Agreement, the benefit to the Estate of a sale of the Seized Assets free of Merring's interest outweighs the detriment to Merring.

46. As the proceeds of the 2016 McLaren 570S will be used to satisfy the security interest of **BMW FINANCIAL SERVICES NA, LLC**, the benefit to the Estate of a sale of the 2016 McLaren 570S free of the interest of **BMW FINANCIAL SERVICES NA, LLC**, outweighs the detriment to **BMW FINANCIAL SERVICES NA, LLC**.

47. The Seized Assets are not used in the production, transmission or distribution for sale of heat, light or power.

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for judgment in his favor and against the **UNITED STATES OF AMERICA, KRISTY LYNN ROGGIO,** aka Kristy Merring, and **BMW FINANCIAL SERVICES NA, LLC**, granting him authorization to market and sell the one hundred two (102) weapons and accessories, including ammunition, four (4) Rolex watches, a 2015 Mercedes GL350, a 2015 BMW i8, and a 2016 McLaren 570S, free and clear of the interest of the **UNITED STATES OF AMERICA, KRISTY LYNN ROGGIO,** aka Kristy Merring, and and **BMW FINANCIAL SERVICES NA, LLC**, and to distribute to proceeds of the one hundred two (102) weapons and accessories, including ammunition, four (4) Rolex watches, a 2015 Mercedes GL350, a 2015 BMW i8, and a 2016 McLaren 570S, after payment of any and all liens and transactions costs, pursuant to the Bankruptcy Code and Order approving a particular sale, and for such other and further relief as the Honorable Court deems just and appropriate.

**COUNT III: COMPLAINT FOR TURNOVER v. UNITED STATES OF AMERICA**

48. Plaintiff incorporates the averments of 1 through 47 above as if set out at length.

49. Count III of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O).

7

50. Debtor has authority to use property of the Estate and the power to obtain orders authorizing use of property of the Estate. See, e.g., 11 U.S.C. § 1303.

51. Debtor is entitled to possession of property of the Estate. See, e.g., 11 U.S.C. § 1306.

52. Therefore, Debtor has the power to compel turnover of the property of the Estate. See 11 U.S.C. §§ 105 & 542.

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for judgment in his favor and against the **UNITED STATES OF AMERICA** and an Order that the **UNITED STATES OF AMERICA** turnover the one hundred two (102) weapons and accessories, including ammunition, four (4) Rolex watches, a 2015 Mercedes GL350, a 2015 BMW i8, and a 2016 McLaren 570S, in possession of the **UNITED STATES OF AMERICA** and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT IV: COMPLAINT FOR TURNOVER v. KRISTY LYNN ROGGIO

53. Plaintiff incorporates the averments of 1 through 52 above as if set out at length.

54. Count IV of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), and (O).

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for judgment in his favor and against the **KRISTY LYNN ROGGIO,** aka Kristy Merring, and an Order that **KRISTY LYNN ROGGIO,** aka Kristy Merring, turnover the five (5) Rolex watches, **143 Indian Springs Road, Stroudsburg, PA 18360**, and that portion of the contents of **143 Indian Springs Road, Stroudsburg, PA 18360** that are property of Debtor in possession of **KRISTY LYNN ROGGIO,** aka Kristy Merring, and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT V: VIOLATION OF AUTOMATIC STAY v. UNITED STATES OF AMERICA

55. Plaintiff incorporates the averments of 1 through 54 above as if set out at length.

56. On June 1, 2017, Debtor, through Counsel, communicated with the **USA** via Assistant United States Attorney Todd K. Hinkley, and requested the cooperation of the **USA** in liquidating the Seized Assets.

57. On June 14, 2017, Debtor, through Counsel, communicated to the **USA** via voice mail to Assistant United States Attorney Todd K. Hinkley, the cooperation of the **USA** in liquidating the items of the Seized Assets that were acquired prior to the date of any crime Debtor may be alleged to have committed and the items that acquired via means not related to, or the proceeds of any crime.

58. By refusing to return to Debtor the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86, the USA has continued an "other action" against Debtor that was "commenced before the commencement of the case", and sought to "recover a claim against the debtor that arose before the commencement of the case" in violation of the automatic stay. 11 U.S.C. § 362(a)(1).

59. By refusing to return to Debtor the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86, the USA has "exercise[d] control over property of the estate" in violation of the automatic stay. 11 U.S.C. § 362(a)(3).

60. By refusing to return to Debtor the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86, the USA has taken an "act to create, perfect, [and/]or enforce [a] lien against property of the estate" in violation of the automatic stay. 11 U.S.C. § 362(a)(4).

61. By refusing to return to Debtor the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86, the USA has taken an "act to collect, asess, [and/]or recover a claim against the debtor that arose before the commencement of the case," in violation of the automatic stay. 11 U.S.C. § 362(a)(6).

62. Retention by the USA of the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86, is *not* excepted from the automatic stay by 11 U.S.C. § 362(b)(4), as it constitutes enforcement of a money judgment *and* the exception does not apply to violations of the § 362(a)(4). See *In re James,* 940 F.2d 46, fn1 (3rd Cir. 1991).

63. Count V of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)&(G).

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for an Order entering judgment in his favor and against the **UNITED STATES OF AMERICA** and an Order that the **UNITED STATES OF AMERICA** turnover the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86, in possession of the **UNITED STATES OF AMERICA** to Debtor, an award of actual damages and attorneys' fees, and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT VI: INJUNCTIVE RELIEF v. UNITED STATES OF AMERICA

64. Plaintiff incorporates the averments of 1 through 63 above as if set out at length.

65. Debtor will suffer irreparable harm if the USA does not return the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86 to Debtor.

66. Debtor has been effectively rendered homeless and destitute by the actions of the USA in seizing the vast majority of his personal property, apparently without regard for whether it could possibly be the proceeds of any crime he is alleged to have committed.

67. Debtor has effectively been denied criminal defense representation by the the actions of the USA in seizing the vast majority of his personal property, as he has been left without the resources to marshal funds to pay for the attorneys that have agreed to represent him.

68. Debtor has no adequate remedy at law.

69. Debtor has a substantial likelihood of prevailing on the merits of his claims for release and/or turnover and/or sale of the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86.

70. As the USA would retain significant assets of Debtor, and all assets reasonably subject to civil and/or criminal forfeiture, the balance of hardship weighs in favor Debtor.

71. The turnover and/or sale of the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86 would not be contrary to the public interest, as Debtor is willing to make arrangement for their immediate availability for sale by third parties.

11

Case 5:17-bk-02119-JJT    Doc 25    Filed 06/15/17    Entered 06/15/17 17:33:01    Desc
Main Document    Page 11 of 13

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for an Order entering judgment in his favor and against the **UNITED STATES OF AMERICA** and an Order that enjoins the **UNITED STATES OF AMERICA** from withholding the 2016 McLaren 570S, 2015 Mercedes GL350, four (4) Rolex watches, 50 Caliber Barret Rifle, 2012 Springfield M1-A1 Rifle, two Cadex Defense .338 Lapuas, IWI Tavor Rifle, H&K 516 and Norinco NDM86 from Debtor, and for such other and further relief as the Honorable Court deems just and appropriate.

### COUNT VII: INJUNCTIVE RELIEF v. KRISTY LYNN ROGGIO

72. Plaintiff incorporates the averments of 1 through 63 above as if set out at length.

73. Debtor will suffer irreparable harm if the Merring does not surrender the Marital Residence and that portion of the contents of the Marital Residence that are property of Debtor to Debtor.

74. Debtor has been effectively rendered homeless by the actions of the USA in seizing the vast majority of his personal property, preventing him from complying with the Separation Agreement, and the continued possession of the Marital Residence by Merring.

75. Debtor has effectively been denied a bed large enough to fit him, while Merring has many available in the Martial Residence.

76. Debtor has no adequate remedy at law.

77. Debtor has a substantial likelihood of prevailing on the merits of his claims for release and/or turnover and/or sale of the Martial Residence and that portion of the contents of the Marital Residence that are property of Debtor.

78. As Merring would obtain a significant distribution from sale of the Marital Residence, the balance of hardship weighs in favor Debtor.

79. The turnover and/or sale of Martial Residence and that portion of the contents of the Marital Residence that are property of Debtor would not be contrary to the public interest, as Debtor is willing to make arrangement for their immediate availability for sale by third parties.

WHEREFORE, Plaintiff Debtor **ROSS WILLIAM ROGGIO** prays this Honorable Court for judgment in his favor and against the **KRISTY LYNN ROGGIO,** aka Kristy Merring, and an Order that enjoins **KRISTY LYNN ROGGIO,** aka Kristy Merring, from withholding **143 Indian Springs Road, Stroudsburg, PA 18360**, and that portion of the contents of **143 Indian Springs Road, Stroudsburg, PA 18360** that are property of Debtor from Debtor, and for such other and further relief as the Honorable Court deems just and appropriate.

> NEWMAN, WILLIAMS, MISHKIN,
> CORVELEYN, WOLFE & FARERI, P.C.
>
> By: /s/ J. Zac Christman_____
> J. Zac Christman, Esquire
> Attorneys for Plaintiff /Debtor
> PO Box 511, 712 Monroe Street
> Stroudsburg, PA 18360
> (570) 421-9090; fax (570) 424-9739
> jchristman@newmanwilliams.com