IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ROSS WILLIAM ROGGIO :

        DEBTOR : NO. 5:17-BK-02119-JJT

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

KRISTY LYNN ROGGIO, :
        Plaintiff :

    vs. : Adversary NO.

ROSS WILLIAM ROGGIO, :
        Defendant :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**COMPLAINT TO AVOID FRAUDULENT TRANSFER**

    COMES Now, the Plaintiff, Kristy Lynn Roggio, by and through her Attorneys, Bresset & Santora, LLC., and states her Complaint as follows:

**I. PRELIMINARY AVERMENTS**

    1. That the Plaintiff is Kristy Lynn Roggio, a Creditor of the Debtor.

    2. That the Defendant is Ross William Roggio, the Debtor in this proceeding.

    3. That the Court has jurisdiction over this matter and is a core proceeding as defined in 28 U.S.C. 157.

**II. SUBSTANTIVE AVERMENTS**

**COUNT A**

    4. The Plaintiff incorporates by referenced Paragraphs 1 through 3 inclusive, as if hereinafter set forth at length.

5. That at the time of the commencement of his action, the Defendant was the owner of the single family residential property located at 143 Indian Spring Drive, Stroudsburg, PA.

6. That the Plaintiff transferred and conveyed her interest in the aforesaid property. That the aforesaid conveyance was induced by the false, misleading and fraudulent representations of Ross William Roggio.

7. That those representations on which Kristy Lynn Roggio reasonably relied were that the Defendant, Ross William Roggio, had the capability and would replace the residence with one of a value of approximately $250,000.00, and that he would purchase same after it had been identified by the Plaintiff.

8. That the Plaintiff did make that selection and entered into an agreement to purchase the property.

9. That the Defendant failed and refused to complete the acquisition and commenced this Chapter 13 proceeding, which caused the Plaintiff to default on the purchase.

10. That it is believed and averred that the Defendant lacked the financial ability to complete the transaction at all times, which he concealed and refused, or failed, to disclose.

11. That it is believed and, therefore, averred that the Defendant repeatedly created and re-enforced the belief and ability of the Defendant to complete the transaction to induce the Plaintiff to make, execute and deliver the subject Deed to the Defendant, which purported to convey the ownership interest to the Debtor, as defined under 12 Pa. C.S. §5108.

12. That the Defendant took no steps to correct the impression that he possessed the ability to complete the purchase when, in reality, he was totally lacking in such financial capability.

WHEREFORE, the Plaintiff prays that the conveyance to the Defendant be terminated and the Deed be rescinded and vacated.

## COUNT B

13. The Plaintiff incorporates by referenced Paragraphs 2 through 12, as if hereinafter set forth at length.

14. That the consideration for the subject conveyance from the Plaintiff to the Defendant was $250,000.00; however, the Defendant has failed to pay any consideration and there has been a failure of consideration.

15. That a transaction where a failure of consideration has taken place, that transaction should be vacated and the parties put in their respective positions before the unsupported transaction took place.

WHEREFORE, the Plaintiff prays that the transaction wherein the Plaintiff conveyed her interest in the marital residence be terminated, vacated and the full ownership be restored to the Plaintiff.

> Respectfully submitted,
>
> BRESSET & SANTORA, LLC.
>
> BY: /s/ Stephen G. Bresset
> STEPHEN G. BRESSET, ESQUIRE
> Attorney I.D. No. 22624
> 607 Monroe Street, 2nd Floor
> Stroudsburg, PA 18360
> (570) 476-3240
> EMAIL: sbresset@bressetsantora.com
> Attorney for Plaintiff, Kristy Lynn Roggio