IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| ROSS WILLIAM ROGGIO, | : | BANKRUPTCY NO.: 5-17-bk-02119-JJT |
| a/k/a Ross W. Roggio | : | |
| a/k/a Ross Roggio, | : | {**Nature of Proceeding**: Application to |
| | : | Employ Realtor (Doc. #21)} |
| DEBTOR | : | |

# OPINION

The pre-bankruptcy background of this case has created a unique scenario that is relatively uncommon to the bankruptcy court. Briefly, the Debtor, Ross Roggio, and his non-debtor ex-spouse, Kristy Lynn Merring f/k/a Kristy Lynn Roggio, entered into a marital property settlement agreement prior to the bankruptcy. Real estate was presumably transferred to the Debtor pursuant to that agreement. After that settlement, but before filing bankruptcy, the United States initiated a civil forfeiture action, covering virtually all of the Debtor's property by reason of the Debtor's alleged criminality in acquiring or utilizing various assets. Now, the Debtor seeks to have the Court appoint a realtor to market that real estate. Kristy opposes this appointment, arguing that ownership of the real estate is at issue.

The Debtor sees this as an ordinary request to appoint a professional under § 327 of the Bankruptcy Code. On the other hand, the Court foresees a long and arduous tug of war as multiple courts attempt to meld the various bankruptcy, domestic, and criminal laws and procedures at issue. The scope of my jurisdiction, I am certain, will be the subject of close examination.

While the Debtor frames the issue in simple terms, my main concern is the extent of my

authority, as a bankruptcy judge, to appoint a professional for a Chapter 13 debtor under § 327. That section gives the "trustee" certain authority to employ professionals but does not require that a debtor receive court approval for such retention. As a matter of fact, it is virtually unheard of for a lawyer to apply for approval prior to representing a Chapter 13 debtor, as would be required in a Chapter 11. If there is no requirement for me to approve Debtor's retention of a professional in Chapter 13, it stands to reason that an order making such appointment is merely an "advisory opinion." The United States Supreme Court, as well as the Third Circuit Court of Appeals, have unequivocally indicated that a federal court has no authority to issue advisory opinions. *United States National Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 2178, 124 L.Ed.2d 402 (1993); *In re McDonald*, 205 F.3d 606, 608 (3rd Cir. 2000); *Coffin v. Malvern Federal Savings Bank*, 90 F.3d 851 (3rd Cir.1996). Collier's treatise agrees with this proposition. 3 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 327.01 at 327-5 (16th ed. 2017). See also, § 4:21. Professionals—Retention of professionals; fiduciary duties—The trustee, debtor-in-possession, or committee in a Chapter 11 case, 1 *Bankruptcy Law Manual* § 4:21 (5th, 2017-2 ed.). Numerous bankruptcy courts have also considered this same issue and have similarly concluded that there is no such requirement to approve a professional for a Chapter 13 debtor. *In re Alfaro*, 221 B.R. 927, 931 (1st Cir. BAP 1998); *Matter of Rogers*, No. 14-40219-EJC, 2015 WL 1515203, at *5 (Bankr. S.D.Ga. Mar. 30, 2015); *In re Alexander*, No. 13-13462, 2014 WL 5449653 (Bankr. E.D.Tenn. Oct. 22, 2014); *In re Stevens*, No. 05-12056 MER, 2006 WL 2711467, at *2 (Bankr. D.Colo. Sept. 14, 2006); *In re Tirado*, 329 B.R. 244, 248-50 (Bankr. E.D.Wis. 2005); *In re Powell*, 314 B.R. 567, 569-70 (Bankr. N.D.Tex. 2004); *In re Harris*, 298 B.R. 319, 320-21 (Bankr. E.D.Tenn. 2003); *In re*

*Young*, 285 B.R. 168, 170 (Bankr. D.Md. 2002); *In re Mowers*, 160 B.R. 720, 722–23 (Bankr. N.D.N.Y. 1993).

Indeed, there are cases to the contrary, but they require that I vest in the Chapter 13 debtor, the powers of a trustee. See *In re Goines*, 465 B.R. 704, 706 (Bankr. N.D.Ga. 2012). Our Circuit Court of Appeals, however, has made it clear that powers reserved for a trustee cannot be exercised by a Chapter 13 debtor. *In re Knapper*, 407 F.3d 573, 583 (3rd Cir. 2005).

It is for these reasons that I will enter an Order denying the request to appoint the realtor since this is a matter reserved to the Chapter 13 Debtor. Of course, compensation to professionals from estate property must still be preceded by general notice and opportunity for hearing.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMP)

Date: December 7, 2017