EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:  **ROSS WILLIAM ROGGIO**, aka  :  Chapter 13
Ross W. Roggio, aka Ross Roggio,  :  Case No. **5:17-bk-02119**
Debtor,  :

## STIPULATION TO RESOLVE
## ADVERSARY PROCEEDINGS AND EQUITABLE DISTRIBUTION

WHEREAS, Debtor **ROSS WILLIAM ROGGIO** ("Debtor") and **KRISTY LYNN ROGGIO**, aka Kristy Merring ("Spouse") were parties to domestic litigation in the Court of Common Pleas of Monroe County, Pennsylvania, docketed at 9149-CV-2016 and 1272-DR-2016 ("the divorce proceedings") as of May 22, 2018;

WHEREAS Debtor filed the instant Chapter 13 Bankruptcy Case via Petition on or about May 22, 2017;

WHEREAS, as of the date of Petition Date, Debtor was the owner of real property known as 143 Indian Springs Drive, Stroudsburg, PA 18360, which had previously been the marital residence and titled in the name of Spouse ("the Property");

WHEREAS, the Property, and numerous items of personal property are subject to a civil and/or criminal forfeiture action(s) instituted by the United States of America, pending the in the United States District Court for the Middle District of Pennsylvania at 3:17-cv-01049 and 3:18-cr-00097 and 3:18-cr-00097-RDM-1 ("the Forfeiture Actions");

WHEREAS, Debtor's compliance with the terms of Separation Agreement has been rendered impossible absent resolution of the Forfeiture Actions, resulting in numerous adversary proceedings involving Debtor and Spouse, including 5:17-ap-00096, 5:17-ap-00106 and 5:17-ap-00169;

WHEREAS, Spouse retains possession of the Property pursuant to the terms of a March 1, 2017 Order issued by the Court of Common Pleas of Monroe County.

WHEREAS, Debtor and Spouse, through counsel, have negotiated with each other, and sought the cooperation of the United States of America in facilitating an amicable settlement;

WHEREORE, intending to be legally bound, Debtor **ROSS WILLIAM ROGGIO** and Spouse **KRISTY LYNN ROGGIO,** aka Kristy Merring, hereby Stipulate as follows in partial resolution of adversary proceeding 5:17-ap-00096, and resolution of adversary proceedings 5:17-ap-00106 and 5:17-ap-00169:

1.      The WHEREAS clauses above are incorporated herein by reference as if set out at length.

2.      This Stipulation is conditioned upon Bankruptcy Court Approval.

3.      Debtor and Spouse hereby agree to 1) marketing and sale of Property by Melanie Melnick of RE/MAX of the Poconos ("Realtor") with 2) an initial list price of the Property as determined by Realtor after consultation with Debtor and Spouse, with the initial list price at the highest list price and 3) acceptance of Agreement of Sale conditioned on recommendation of Realtor and approval of Debtor, which shall not be unreasonably withheld.

4.      Debtor and Spouse hereby agree to distribution of the proceeds of the sale of Property as follows:

    a.      Any out-of-pocket expenses advanced by or on behalf of Debtor or Spouse or any closing agent in connection with the sale of the Property, including any payments for insurance related to the Property, and which have not been reimbursed at the time of settlement; then to

    b.      Any notarization, document preparation, mail or wire fees, and/or incidental recording fees associated with the sale of the above property; then to

    c.      Any transfer tax which is the responsibility of the seller; then to

    d.      Any real estate taxes or other municipal liens that are the responsibility of the Seller; then to

    e.      Any realtors' commission due; then to

2

f.  Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, LLC, in the amount of $3,500; then to

g.  **KRISTY LYNN ROGGIO,** aka Kristy Merring, in an amount equal to half the Gross Sale Amount, but only up to the amount of $300,000; then

h.  The remaining proceeds shall be made payable to the United States Forfeiture Fund and paid to United States Attorney's Office, 235 N. Washington Avenue, Suite 311, Scranton, PA 18503.

5.  Debtor and Spouse hereby agree that the hot tub, washer and dryer in the house shall be retained by Debtor unless any Buyer seeks to have the hot tub, washer and dryer included in any sale of the Property.

6.  Debtor and Spouse hereby agree that all fixtures in the house shall be sold with the house, including lifts affixed to the Property.

7.  Debtor and Spouse hereby agree that Spouse shall retain the contents of the house, except for the items indicated as being sold with the house, items previously removed from the house by Debtor, and the following items, which shall be retained by Debtor:

a.  the master bedroom set including a large floor lamp; and

b.  items belonging to Debtor's children from a prior relationship, including one bedroom set matching the master bedroom set; and

c.  two large screen television sets (identified by historical location in the living room and upstairs sitting room); and

d.  two television stands (identified by historical location in the "gunroom" and downstairs living room); and

e.  one couch with end tables and a large lamp (identified by historical location in the upstairs living room); and

f.  exercise equipment; and

3

g.     a kitchen knife set (identified by the Debtor and Spouse during settlement negotiations) ; and

h.     a computer desk and chair  (identified by historical location in the "computer" room); and

i.     one Dyson vacuum cleaner (identified as the rechargeable one); and

j.     the Gallow Tech system; and

k.     all gun and "weapon" knife items, crossbow and compound bow, with related equipment and cases, including all gun cases and gun wall mounting items; and

l.     the fountain pen collection; and

m.     the remote control cars and airplanes of Debtor (identified by historical association with Debtor and separate and apart from those of Spouse's child); and

n.     all personal tools of Debtor (identified by historical location in a chest separate and apart from the tools of others), including the snowblower and compressor (identified by historical association with Debtor).

Other than the kitchen knife set and computer desk, these items shall, at Spouse's election, remain in the Property until after an Offer or Agreement of Sale acceptable to both parties is presented.

8.     Debtor and Spouse hereby agree that Debtor shall receive the 2015 Mercedes Benz SL shall be transferred to Debtor upon approval of this Stipulation, subject to the claims or security interest of any third party.

9.     Except as modified above, the division of personal property affected by the Separation Agreement shall remain unaffected.  The division of property pursuant to this Stipulation and the resulting sale is intended to resolve all equitable distribution issues that otherwise might arise in the divorce proceedings.

4

10. Spouse and Debtor hereby agree to enter into any other contractual arrangement necessary to effect this Stipulation. No such agreement shall impact property of the Estate in contravention of this Stipulation.

11. To facilitate this settlement, Debtor agrees to file an Amended Chapter 13 Plan to incorporate, as necessary, the terms of this Stipulation.

12. To facilitate this settlement, Debtor agrees to file a Motion for Sale, or Motion for Sale Free and Clear of Liens, as contemplated by this Stipulation.

13. Debtor and Spouse hereby agree that, other than the obligations and division of the Property and personal property pursuant to this Stipulation, Debtor and Spouse shall have no other financial obligation to the other.

14. Debtor and Spouse hereby request this Court retain jurisdiction of this Stipulation.

15. This Stipulation may be executed in Counterparts. Any electronic filer authorized to file this document may file this Stipulation with a /s/ in place of actual signatures, provided that filer has in their possession the signatures of all signatories.

5

WHEREFORE, Debtor **ROSS WILLIAM ROGGIO** and **KRISTY LYNN ROGGIO,** aka Kristy Merring, pray this Honorable Court for an Order that approves this Stipulation in partial resolution of Adversary Proceedings 5:17-ap-00096, 5:17-ap-00106 and 5:17-ap-00169, and resolution of all issues in the domestic litigation in the Court of Common Pleas of Monroe County, Pennsylvania, docketed at 9149-CV-2016 and 1272-DR-2016 other than any Final Decree in Divorce, including modification of the Separation Agreement between the parties to the extent set forth above, and retains jurisdiction over any disputes arising from it, and for such other and further relief as the Honorable Court deems just and appropriate.

|  |  |  |
|---|---|---|
| | **KRISTY LYNN ROGGIO** | **KRISTY LYNN ROGGIO** |
| By: | **BRESSET & SANTORA, LLC** | |
| By: | /s/ | /s/ Kristy Lynn Roggio |
| | **STEPHEN G. BRESSET, ESQUIRE** | **KRISTY LYNN ROGGIO** |
| | Attorneys for Creditor Spouse | |
| | 607 Monroe Street, 2nd Floor | |
| | Stroudsburg, PA 18360 | |
| | (570) 476-3240, fax (570) 476-3243 | |
| | sbresset@bressetsantora.com | |

|  |  |  |
|---|---|---|
| | **ROSS WILLIAM ROGGIO** | |
| By: | **NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C.** | **ROSS WILLIAM ROGGIO** |
| By: | /s/ | /s/ |
| | **J. ZAC CHRISTMAN, ESQUIRE** | **ROSS WILLIAM ROGGIO** |
| | Attorneys for Debtor | |
| | P.O. Box 511, 712 Monroe Street | |
| | Stroudsburg, PA 18360 | |
| | (570) 421-9090, fax (570) 424-9739 | |
| | jchristman@newmanwilliams.com | |

|  |  |  |
|---|---|---|
| | **UNITED STATES OF AMERICA** | |
| By: | **DAVID J. FREED, UNITED STATES ATTORNEY** | |
| By: | /s/ | [No Objection to Sale of Marital Residence subject to Stipulation to Sale in any related criminal and/or forfeiture proceedings.] |
| | **D. BRIAN SIMPSON, ESQUIRE** | |
| | Assistant United States Attorney | |
| | 228 Walnut Street, Suite 220 | |
| | Harrisburg, PA 17101 | |
| | (717) 614-4907, fax (717) 645-5906 | |
| | d.brian.simpson@usdoj.gov | |

6

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:  ROSS WILLIAM ROGGIO, aka      :     Chapter 13
       Ross W. Roggio, aka  Ross Roggio     :     Case No. 5:17-bk-02119
       Debtor,                     :

ROSS WILLIAM ROGGIO,            :
           Plaintiffs,         :
                        :     Adversary Proceeding No.
       v.                         :     5:17-ap-00096
UNITED STATES OF AMERICA,      :
KRISTY LYNN ROGGIO, aka Kristy Merring, and    :
BMW FINANCIAL SERVICES NA, LLC,     :
           Defendants,       :

## STIPULATION TO RELIEF FROM AUTOMATIC STAY AND DISMISSAL OF COMPLAINT AS TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC

WHEREAS, the Debtor filed a petition under Title 11 U.S.C., Chapter 13 on June 8, 2017;

WHEREAS, on Schedule B the Debtor listed ownership of a 2016 McLaren 570S, VIN SBM13DAA7GW000134 ("the McLaren") registered to Debtor, Ross Roggio, (the "Debtor") and  non-debtor Kristy Roggio, Debtor's spouse;

WHEREAS, pursuant to a retail installment contract dated March 24, 2016, (the "Contract"), Debtor financed the purchase of the McLaren with BMW Bank of North America, serviced by BMW Financial Services (hereinafter "BMW FS"). Pursuant to the Contract Debtor  granted BMW FS a purchase money security interest in the McLaren. BMW FS' lien is properly  perfected on the Certificate of Title;

WHEREAS, on May 10, 2017 the United States of America seized various assets of Debtor, including the McLaren;

WHEREAS, on June 15, 2017 the Debtor filed the above captioned adversary complaint  seeking, among other things, turnover of certain claimed assets, including the McLaren;

WHEREAS, on June 15, 2017, the United States of America filed a Verified Complaint of Forfeiture in the United States District Court, Middle District of Pennsylvania, Case No. 3:17-cv- 01049 (the "Forfeiture Proceeding") against the debtor/defendant's property, including the McLaren, pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 246;

WHEREAS, On March 20, 2018, the grand jury returned an Indictment against the Debtor, which also included a Forfeiture Allegation against the McLaren, initiating criminal charges currently pending in the United States District Court, Middle District of Pennsylvania, Case No. 3:18CR97 ("Criminal Action");

WHEREAS, the United States has asserted that that the McLaren is not Debtor's property, the parties nonetheless seek an order from this Court to address any uncertainty;

WHEREAS, Debtor has been unable to make payments in accordance with the Contract;

WHEREAS, the McClaren is decreasing in value as the balance due on the Contract increases;

WHEREAS, the BMW FS has cause for relief from the automatic stay pursuant to 11 U.S.C. 362(d)(1) and (d)(2)(B);

WHEREAS, absent proceeds of the McClaren in excess of the balance due on the Contract at the time of sale, the McClaren has no value to the Estate;

WHEREAS, the distribution of the any surplus proceeds from the liquidation of the McClaren would be in accordance with any agreement in the Forfeiture Proceeding and/or Criminal Action;

WHEREAS, Debtor, and thereby the Estate, would obtain any rights to any surplus proceeds via a claim in the Forfeiture Proceeding and/or Criminal Action; and

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, that pursuant to 11 U.S.C. 362(d)(1) and (d)(2)(B) the automatic stay is terminated with regard to the McLaren and it is further STIPULATED AND AGREED, that BMW FS shall be dismissed with prejudice from the above captioned adversary complaint.

WHEREFORE, the Parties respectfully request that the Court approve this Stipulation, the terms of which are STIPULATED AND AGREED herein, and enter an Order Approving Stipulation in the form submitted contemporaneously herewith.

By:  ROSS WILLIAM ROGGIO
     NEWMAN, WILLIAMS, MISHKIN,
     CORVELEYN, WOLFE & FARERI, P.C.


By:  /s/_____        Date: _____
     J. ZAC CHRISTMAN, ESQUIRE
     Attorneys for Debtor
     P.O. Box 511, 712 Monroe Street
     Stroudsburg, PA 18360
     (570) 421-9090, fax (570) 424-9739
     jchristman@newmanwilliams.com


By:  BMW FINANCIAL SERVICES
     DEILY & GLASTETTER, LLP,


By:  /s/_____        Date: _____
     JASON A. LITTLE, ESQUIRE
     8 Southwoods Blvd., Suite 207
     Albany, NY 12211
     (518) 436-0344, fax (518) 436-8273
     jlittle@deilylawfirm.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | **ROSS WILLIAM ROGGIO**, aka | : | Chapter 13 |
|  | Ross W. Roggio, aka  Ross Roggio | : | Case No. **5:17-bk-02119** |
|  | Debtor, | : |  |

|  |  |  |
|---|---|---|
| **ROSS WILLIAM ROGGIO,** | : |  |
| Plaintiffs, | : | Adversary Proceeding No. |
| v. | : | **5:17-ap-00096** |
| **UNITED STATES OF AMERICA,** | : |  |
| **KRISTY LYNN ROGGIO,** aka Kristy Merring, and | : |  |
| **BMW FINANCIAL SERVICES NA, LLC,** | : |  |
| Defendants, | : |  |

### CERTIFICATE OF NO OBJECTION TO:
### STIPULATION TO RELIEF FROM AUTOMATIC STAY AND DISMISSAL OF
### <u>COMPLAINT AS TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC</u>

The undersigned hereby certify that they have no Objection to the above-referenced Stipulation to Relief from Automatic Stay and Dismissal of Complaint as to Defendant BMW Financial Services, NA, LLC. The undersigned hereby certify that they are authorized to executed this Certificate on behalf of the parties they represent, as indicated below.

**KRISTY LYNN ROGGIO**
By:   **BRESSET & SANTORA, LLC**

By:   /s/                                        Date:   8/30/18
**STEPHEN G. BRESSET, ESQUIRE**
Attorneys for Creditor Spouse
607 Monroe Street, 2nd Floor
Stroudsburg, PA  18360
(570) 476-3240, fax (570) 476-3243
sbresset@bressetsantora.com

### CHARLES J. DEHART, III, CHAPTER 13 TRUSTEE

By:   /s/                                        Date:   
**AGATHA R. MCHALE, ESQUIRE**
Attorneys for Trustee
8125 Adams Drive, Suite A
Hummelstown, PA  17036
(717) 566-6097, fax (717) 566-8313
amchale@pamd13trustee.com

UNITED STATES OF AMERICA
By:    DAVID J. FREED, UNITED STATES ATTORNEY


By:    /s/ _____        Date: _____
       D. BRIAN SIMPSON, ESQUIRE
       Assistant United States Attorney
       228 Walnut Street, Suite 220
       Harrisburg, PA 17101
       (717) 614-4907, fax (717) 645-5906
       d.brian.simpson@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:17-CV-1049 |
| | ) | |
| v. | ) | |
| | ) | (Judge Mariani) |
| REAL PROPERTY LOCATED AT | ) | |
| 143 INDIAN SPRING DRIVE, et al., | ) | |
| Defendants. | ) | (Electronically filed) |

### STIPULATED SALES AGREEMENT:
### 143 INDIAN SPRING DRIVE, STROUDSBURG, PA 18360

This Stipulated Sales Agreement is made by and between the plaintiff, United States of America, by its attorney, David J. Freed, United States Attorney for the Middle District of Pennsylvania, Jenny P. Roberts, Assistant United States Attorney, claimant Ross William Roggio and his attorneys, Melinda Ghilardi, Esq. and J. Zac Christman, Esq., and claimant Kristy Merring-Roggio and her attorney, Brandon R. Reish, Esq. (collectively the "Parties"), and according to the following terms and conditions:

1.     On June 15, 2017, the United States of America filed a Verified Complaint of Forfeiture in the United States District Court, Middle District of Pennsylvania, Case No. 3:17-cv-01049 (the "Forfeiture Proceeding") against the defendant property, including  143 Indian

1

Spring Drive, Stroudsburg, PA 18360, deeded in the name of Ross Roggio ("the Residence"), pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461.

2. That same day, the United States filed a Motion to Stay Proceedings Pursuant to 18 U.S.C. § 981(g) in the Forfeiture Proceeding, which the Court granted by Order on June 16, 2017.

3. On July 14, 2017, claimant Ross Roggio filed a Notice of Claim to Property in the Forfeiture Proceeding claiming an interest in the Residence and other defendant property.

4. On July 14, 2017, claimant Kristy Merring-Roggio filed a Verified Claim in the Forfeiture Proceeding against the Residence.

5. On March 20, 2018, the grand jury returned an Indictment against claimant Ross William Roggio, which also included a Forfeiture Allegation against the Residence, initiating criminal charges currently pending in the United States District Court, Middle District of Pennsylvania, Case No. 3:18-CR-97 ("Criminal Action").

6. All known interested parties were personally served in the instant action. (*See* Forfeiture Proceeding Docket at Document 13). Ross Roggio, and Kristy Merring-Roggio assert that they are the only persons

2

who have an interest in the Residence, that the title is free and clear, and that there are no mortgages or other liens against the Residence.

7.    The parties desire to resolve the Forfeiture Proceeding and Criminal Action as to the Residence by marketing and sale of the Residence by Melanie Melnick of RE/MAX of the Poconos ("Realtor") with an initial list price of the Residence as determined by Realtor after consultation with Ross Roggio, and Kristy Merring-Roggio, and approval by the United States Attorney's office, with the initial list price at the highest list price and acceptance of an Agreement of Sale conditioned on recommendation of Realtor and approval of Ross Roggio, which shall not be unreasonably withheld, and approval of the United States Attorney's Office.

8.    The United States, Ross Roggio and Kristy Merring-Roggio hereby agree to distribution of the proceeds of the sale of Property at settlement as follows:

    a.    Any out-of-pocket expenses advanced by or on behalf of Ross Roggio or Kristy Merring-Roggio or any closing agent in connection with the sale of the Residence, including any payments for insurance related to the Residence, and which have not been

3

reimbursed at the time of settlement; then to

b. Any notarization, document preparation, mail or wire fees, and/or incidental recording fees associated with the sale of the above property; then to

c. Any transfer tax which is the responsibility of the seller; then to

d. Any real estate taxes or other municipal liens that are the responsibility of the Seller; then to

e. Any realtors' commission due; then to

f. Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, LLC, in the amount of $3,500; then to

g. KRISTY LYNN ROGGIO, aka Kristy Merring, in an amount equal to half the Gross Sale Amount, but only up to the amount of $300,000; then

h. The remaining proceeds ("Net Proceeds") shall be made payable at settlement to the United States Marshal's Service, Asset Forfeiture Fund by cashier's check with the Forfeiture Proceeding's civil docket number (3:17-cv-01049) noted on the face of the check, and sent to United States Attorney's Office, Attn:

4

Asset Forfeiture Unit, 228 Walnut Street, P.O. Box 11754, Harrisburg, PA 17108.

9.     The Net Proceeds from the sale of the Residence shall be considered substitute *res*, replacing, substituting, and standing in lieu of the Residence in both the Forfeiture Proceeding and the Criminal Action. The above-captioned matter will not be revised to reflect the substitution.

10.    The parties recognize that the related Criminal Action is continuing and that the Court has stayed the Forfeiture Action pursuant to 18 U.S.C. § 981(g)(2). The parties also agree that this Stipulated Sales Agreement pertains to the Residence in both the pending Forfeiture Proceeding and Criminal Action.11.    The government's Verified Complaint in the Forfeiture Proceeding asserts that the Residence constitutes proceeds of illegal activity, and/or was used or intended to be used to facilitate one or more violations of 18 U.S.C. §§ 371, 554, 1349, 1956, and 1957, and is therefore liable to condemnation and to forfeiture to the United States for it use, in accordance with 18 U.S.C. Section 981(a)(1)(C) in this civil action or pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461, and  22 U.S.C. § 401 in the criminal

5

action.

12.    Consequently, Net Proceeds, derived from the sale of the Residence will be substituted as the defendant *res* and be subject to forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) in this civil action or pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461, and 22 U.S.C. § 401 in the criminal action.

13.    The Parties agree that such sale shall be conditioned upon and subject to any necessary and appropriate order from the United States Bankruptcy Court for the Middle District of Pennsylvania in Case No. 5:17-bk-02119-JTT, including but not limited to an Order Granting a Motion for Sale of the Residence, as well as the approval of the United States District Court in the Forfeiture Action.

16.    This Stipulated Sales Agreement is intended solely to permit a sale of the Residence and to permit Kristy Merring-Roggio to receive her equitable interest in the Residence, and to have the Net Proceeds to remain in the custody of the United States pending final resolution of Forfeiture Proceeding and the related Criminal Action. Upon Final Order of Forfeiture, the United States shall forfeit the Net Proceeds and any accrued interest.

6

17. By entering into this Agreement Ross Roggio fully agrees to substitute the Net Proceeds as substitute *res* in place of the Residence and that any further forfeiture action, including the Forfeiture Proceedings, related to the Residence will be limited to the Net Proceeds from the Residence.

18. Execution of this stipulation shall be in full settlement and satisfaction of all claims by Kristy Merring-Roggio concerning the Residence or any proceeds resulting from the Residence's sale as contemplated herein, resulting from the forfeiture action initiated against the Residence and the forfeiture of the Net Proceeds in in lieu of the Residence.

19. Contemporaneously with the execution of this Stipulated Sale Agreement, the Parties will execute a stipulation, entitled Stipulation to Resolve Adversary Proceedings and Equitable Distribution, resolving the status of the Residence in the Bankruptcy Case pending in the Bankruptcy Court, Case No. 5:17-ap-00096 ("Adversary Proceeding").

20. In further consideration of the above, Kristy Merring-Roggio agrees to release, remise and forever discharge plaintiff, United States of America, and its agencies, agents, officers, and employees,

past and present from all claims or causes of action which Kristy Merring-Roggio and their heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against plaintiff and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of the Forfeiture Proceeding and any criminal forfeiture action as they relate to the Residence, the settlement of this action as it relates to the Residence, and the restraint and forfeiture of the Residence, including any claims or causes of action relating to the Residence in this or any other action.

21.   Kristy Merring-Roggio waives the right, if any, to use the instant action or its settlement as they relate to the Residence as a basis for any statutory or constitutional defense in any other civil, criminal or administrative action, including, without limitation, venue, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

22.   The Parties agree that each party shall bear its own costs and attorney's fees and/or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases with regard to the settlement as to the Residence and the

8

substitution of the Net Proceeds as substitute res in the Forfeiture Proceeding or Criminal Action.

23.  The undersigned individuals signing this Stipulation represent and warrant that they are authorized to execute this Stipulation and that the representations made herein are subject to penalties of perjury. The Assistant United States Attorney represents that she is signing this Stipulation in her official capacity and that she is authorized to execute this stipulation.

24.  The District Court shall retain jurisdiction of this action to enforce this settlement.

25.  This Agreement constitutes the entire agreement between the Parties with respect to the Residence and may not be modified or amended except by written agreement executed by each of the Parties.

26.  This Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages together shall be deemed one document.

9

SIGNED AND AGREED: DAVID J.
FREED, UNITED STATES ATTORNEY

_____ ___, 2018   By: _____

Jenny P. Roberts
Assistant U.S. Attorney

_____ ___, 2018   By: _____

Ross William Roggio, Claimant

_____ ___, 2018   By: _____

Melinda Ghilardi, Esquire
Attorney for claimant Ross Roggio

_____ ___, 2018   By: _____

J. Zac Christman, Esquire,
Attorney for claimant Ross Roggio

Sept. 13, 2018   By: *Kristy Merring-Roggio*

Kristy Merring-Roggio, Claimant

_____ ___, 2018   By: _____

Brandon R. Reish, Esquire
Attorney for claimant Merring-Roggio

10

SIGNED AND AGREED: DAVID J.
FREED, UNITED STATES ATTORNEY

_____ ____, 2018    By:    _____

                                Jenny P. Roberts
                                Assistant U.S. Attorney

_____ ____, 2018    By:    _____

                                Ross William Roggio, Claimant


_____ ____, 2018    By:    _____

                                Melinda Ghilardi, Esquire
                                Attorney for claimant Ross Roggio

_____ ____, 2018    By:    _____

                                J. Zac Christman, Esquire,
                                Attorney for claimant Ross Roggio


_____ ____, 2018    By:    _____

                                Kristy Merring-Roggio, Claimant


_____ ____, 2018    By:    _____

                                Brandon R. Reish, Esquire
                                Attorney for claimant Merring-Roggio